In the Matter of the Application of PHILIP J. MURPHY, Petitioner, for a Certiorari Order against LEWIS J. VALENTINE, Police Commissioner of the City of New York, Respondent.

First Department, May 17, 1940.

*John F. X. Finn* of counsel [*O'Connell & Butler*, attorneys], for the petitioner.

*Henry J. Shields* of counsel [*William C. Chanler, Corporation Counsel*, attorney], for the respondent.

MARTIN, P. J. The petitioner, a police lieutenant, was charged with neglect of duty, violation of the rules and regulations and conduct unbecoming an officer. The particular specifications with which we are concerned, as summarized in the memorandum of the trial commissioner, charged that the petitioner:

" (1) Did unlawfully receive and accept, in violation of Section 306 of the Greater New York Charter, a certain sum of money from a civilian, as a fee, gift or emolument for service rendered or to be rendered in assisting the said civilian in the procurement of a license for the sale of alcoholic beverages;

" (2) Failed to take proper police action in connection with matter set forth in specification number one;

" (3) Failed to report to his Commanding Officer in connection with the matter set forth in specification number one; * * *."

The determination of these charges was as follows:

" Specifications

" 1. Not Guilty

" Acquitted in Court.

" 2. Guilty

" 3. Guilty."

The incident which was the basis for the specifications was the subject of a criminal prosecution for conspiracy and bribery. The petitioner was acquitted on the conspiracy charge and the indictment on the bribery charge was dismissed. It is probable that the trial commissioner of the police department was influenced by the disposition of the criminal proceeding.

The courts have held that the acquittal of a criminal charge does not relieve a civil employee of departmental charges. (*People ex rel. Cunningham* v. *Bingham,* 134 App. Div. 602; *People ex rel. Wood* v. *Department of Health,* 144 id. 628; affd., 202 N. Y. 610.) This court has held that acquittal of charges does not necessarily mean that the officer is not guilty of such. (*Matter of Higgins* v. *Valentine,* 256 App. Div. 673.) In the case at bar the charge in the first specification is unlawfully receiving and accepting a sum of money. If he believed the testimony presented against the petitioner the trial commissioner could have found the petitioner guilty of this charge. He did not do this, but, after a full trial, found petitioner, as above indicated, " Not Guilty." If the officer was found not guilty of receiving or accepting a sum of money he could not be found guilty of failing to take proper police action or making proper report in connection therewith.

The certiorari should be sustained and the determination of the police commissioner, finding the petitioner guilty of specifications two and three, annulled, with fifty dollars costs and disbursements to the petitioner.

O'MALLEY, DORE, COHN and CALLAHAN, JJ., concur.

Order unanimously sustained and the determination of the police commissioner annulled, with fifty dollars costs and disbursements to the petitioner. Settle order on notice.